# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.: 13-CV-60018-ZLOCH/OTAZO-REYES

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>FREDERICK K. FIELDS, )<br>)<br>Defendant. )<br>_____ ) | **PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>MEMORANDUM OF LAW** |

Plaintiff, the United States of America, (the "United States"), by and through its undersigned counsel, Steven M. Davis, Private Counsel to the United States for the SOUTHERN DISTRICT OF FLORIDA, hereby moves this Court, pursuant to Rule 56(a), Federal Rules of Civil Procedure, for entry of summary judgment in favor of the United States and against the Defendant in the full amount set forth in the Complaint. In support of this Motion Plaintiff submits this Memorandum of Law, the Declaration of Deloris Gorham, Loan Analyst for the United States Department of Education and a Statement of Material Facts pursuant to Local Rule 7.5.

## I. INTRODUCTION

This is an action by the United States, on behalf of the U.S. Department of Education, against Defendant, to recover on a defaulted student loan guaranteed by United Student Aid Funds, Inc., and then reinsured by the Florida Department of Education, Office of Student Financial Assistance. The United States seeks money damages in the amount owed on these federally guaranteed student loans.

Defendant filed an answer in which he admitted obtaining the loans and his failure to repay them, and raised "Affirmative Defenses" which are not "Affirmative Defenses" as a matter of law.

"**genuine**," such that the evidence could support a verdict in favor of the non-moving party. *Id.* at 248 (emphasis added).

In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case. The burden then shifts to the borrower to show that the amount alleged to be due is not owing. *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975).[1] In the absence of such proof, summary judgment in favor of the claimant is appropriate. Id.

Due to the relative simplicity of the issues involved, actions to enforce promissory notes are among the most suitable classes of cases for disposition by summary judgment. *Colony Creek, Ltd. v. Resolution Trust Corp., et al.*, 941 F.2d 1323, 1325 (5th Cir. 1991) citing *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir. 1973); *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988).

The material facts in this case are not in dispute. Frederick K. Fields executed the Promissory Note which is the subject of this action. The amount due on the note has not been paid. Defendant has not raised any affirmative defenses and plaintiff is entitled to summary judgment.

**B.**    **Defendant Has Failed to Raise a Valid Defense**

Defendant applied for a student loan for the cost of his education. Defendant obtained the money and failed to repay it. The declaration of Deloris Gorham, Loan Analyst with the U.S. Department of Education filed herewith demonstrates that Frederick K. Fields defaulted on his payment obligation on December 30, 1992. Defendant obtained student loans in the amount of

---

[1] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

$9,123.22. Defendant "may not rest upon the mere allegation or denial of his pleading but . . . must set forth specific facts showing that there is an issue for trial." In *Anderson*, 477 U.S. at 248., here Defendant must produce evidence of payment. Plaintiff has demonstrated that Defendant received the loans and failed to repay it. The amount demanded is still due and owing. Plaintiff has the right to recover the amount due.

Defendant claims that in 1997, his loans were discharged in Bankruptcy based upon the "Seven Year Rule." This defense is without merit as a matter of law and a fact. The Loan is non-dischargeable per 11 USC §523(a). The Default occurred on December 30, 1992, which was less than seven years prior to the date of the Bankruptcy filing (August 27, 1997).

Prior to 1976 student loans could be listed in a Chapter 7 filing and fully. However, in 1976 Congress modified the Higher Education Act of 1965 and required student loans to be non-dischargeable unless: (a) the debt first became due more than five years before the date of filing of the Bankruptcy, or, (b) failure to discharge the debt would cause undue hardship to the debtor or to the dependents of the debtor. In 1990, Congress extended the five year rule to seven years and eventually eliminated the time limit all together in 1998.

The law in effect at the time Defendant filed his Bankruptcy was the seven year rule. However, based upon the date of Defendant's default, he did not qualify.

Defendant also raises as his Second Affirmative Defense that he is experiencing a hardship due to life threatening health concerns. Other than describing his illness, Defendant fails to set forth any of the elements to qualify for hardship discharge.

## IV. CONCLUSION

Plaintiff has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Defendant has not raised any valid affirmative defenses.

Therefore, this Court should grant summary judgment in favor of the United States and enter

Judgment against the Defendant, Frederick K. Fields, in the amount of $21,509.65 ($9,123.22 in

principal and $12,386.43 at 8.00% in interest per annum for account No. 2009A28740), from

February 15, 2013 to the date of judgment, and interest thereafter at the legal rate, as prescribed by

28 U.S.C. § 1961, together with costs and expenses incurred by the plaintiff in bringing this suit.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Attorneys for Plaintiff United States*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Fax: (305) 442-2232
Email: sdavis@becker-poliakoff.com

By: _____
STEVEN M. DAVIS
Florida Bar No. 894249

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #1 OF 1

Frederick K. Fields

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/08/09.

On or about 03/31/88 and 03/02/89, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 and $4,000.00 from Chase Bank Of Florida N.A. This loan was disbursed for $4,000.00 on 08/30/88 and 12/20/88 and $4,000.00 on 08/24/89 and 01/16/90, at 8.00 percent interest per annum. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 12/30/92 and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $9,123.22 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 01/24/03, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $9,123.22 |
| Interest: | $10,881.01 |
| Total Administrative Charges Due: | $0.00 |
| Total Penalty Charges Due: | $0.00 |
| Total debt as of 01/08/09: | $20,004.23 |

Interest accrues on the principal shown here at the rate of $2.00 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _2/3/09_ 

Loan Analyst
Litigation Support



EXHIBIT
A

DELORIS GORHAM
LOAN ANALYST

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

FREDERICK K. FIELDS,

     Defendant.

Civil Action No.: 13-CV-60018-
ZLOCH/OTAZO-REYES

Judge: Zloch

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff, UNITED STATES OF AMERICA, by and through its undersigned counsel, files its Motion for Summary Judgment pursuant to Rule 6.0, and as grounds therefore states:

    1.    Defendant claimed that the subject debt was discharged in Bankruptcy is without merit. There was no "Seven year rule" as alleged by Defendant. Rather, Defendant's student loans were not dischargeable at the time, nor are they dischargeable presently. The seven year rule applied to loans which were being paid for seven years. That rule has since been eliminated.

    2.    Defendant's hardship due to health is not a defense to the student loan.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent on this 25th day of February, 2013, via U.S. Mail to: Frederick K. Fields, 431 N.W. 108th Avenue, Plantation, Florida 33324.

                   Respectfully submitted,

                   BECKER & POLIAKOFF, P.A.
                   Attorneys for Defendant
                   121 Alhambra Plaza, Tenth Floor
                   Coral Gables, FL 33134
                   Telephone: (305) 262-4433
                   Telecopier: (305) 442-2232
                   E-Mail: sdavis@becker-poliakoff.com

                   By:_____
                      STEVEN M. DAVIS
                      Florida Bar No. 894249

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.: 13-CV-60018-ZLOCH/OTAZO-REYES

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff,                           )
                                         )        **PLAINTIFF UNITED STATES**
vs.                                      )        **STATEMENT OF MATERIAL FACTS**
                                         )        **PURSUANT TO LOCAL RULE 7.5**
FREDERICK K. FIELDS,                     )
                                         )
    Defendant.                           )

Plaintiff, United States of America, by and the undersigned Private Counsel for the SOUTHERN DISTRICT OF FLORIDA, submits, pursuant to Rule 7.5 of the Local Rules of the SOUTHERN DISTRICT OF FLORIDA, this statement of material facts as to which plaintiff contends there is no issue to be tried.

    1.    Defendant, Frederick K. Fields obtained a student loan in the amount of $9,123.22 from Chase Bank of Florida for the cost of his education.

    2.    The Note bore interest at 8.00% in interest per annum beginning December 30, 1992, when defendant defaulted on her payment obligations.

    3.    Defendant's loans were made under loan guarantee programs authorized under Title IV-B, of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (34 C.F.R. Part 682).

    4.    A total of $0.00 in credits and/or payments including Treasury Department Offsets, were applied to the defendant's account since the loans were assigned to the Department of Education.

    5.    The government claims a balance on the Note of  $21,509.65 ($9,123.22

CASE NO.: 13-CV-60018-ZLOCH/OTAZO-REYES

in principal and $12,386.43 in interest) at 8.00% in interest.

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Regular US Mail on 25th day of February, 2013 to Frederick K. Fields at 431 NW 108th Avenue, Plantation, Florida 33324.

Steven M. Davis, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:13-CV-60018-ZLOCH/OTAZO-REYES

UNITED STATES OF AMERICA,                    )
                                             )
          Plaintiff,                         )
                                             )
vs.                                          )
                                             )
                                             )
                                             )
FREDERICK K. FIELDS,                         )
                                             )
_____Defendant(s)._____)

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter has come before the Court on Plaintiff's Motion for Summary Judgment.  This court has reviewed the pleadings of the parties and is otherwise fully advised in this matter.

Based upon a review of the record in this case, the Court finds that there is no dispute that the defendant incurred obligations under the notes identified as Composite Exhibit "A" in this case that the defendant is presently obligated to the United States under the student loans in the total amount of $21,509.65 consisting of $9,123.22 in unpaid principal and $ 12,386.43 in interest at 8.00%. The Court, having reviewed the pleadings of the parties thereon, having determined that plaintiff is entitled to judgment as a matter of law, and being otherwise fully advised in this matter, it is now, therefore, this _____day of _____, 2013, hereby, ORDERED, that Plaintiff's Motion for Summary Judgment is GRANTED; and it is  FURTHER ORDERED, that plaintiff shall be granted judgment in the amount of $21,509.65 and it is FURTHER ORDERED, that defendant shall also pay post judgment interest at the legal rate until paid in full plus the costs of this action.



                              _____
                              WILLIAM J. ZLOCH
                              UNITED STATES DISTRICT COURT JUDGE

cc:     Steven M. Davis, Esquire
        Frederick K. Fields,  Pro Se